IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03204-M-RJ

BRIAN LEE SARVIS,                        )
                                         )
                    Plaintiff,           )
                                         )
                                         )          ORDER
        v.                               )
                                         )
NEW HANOVER COUNTY SHERIFF'S             )
DEPARTMENT, et al.,                      )
                                         )
                    Defendants.          )


This cause is before the court on plaintiff's motions to alter or amend the complaint, Mot.

[D.E. 43], to compel, Mot. [D.E. 46], and for default judgment, Mot. [D.E. 51], and defendants'

motions for a protective order, Mot. [D.E. 40], to manually file exhibits, Mot. [D.E. 42], and for

summary judgment, Mot. [D.E. 60].    These motions are ripe for review.

Relevant Procedural History:

On August 26, 2024, Brian Lee Sarvis ("plaintiff"), a state inmate proceeding *pro se* and

without prepayment of fees, filed a civil rights complaint under 42 U.S.C. § 1983.    [D.E. 1, 2, 9].

Plaintiff alleges excessive force was used against him between August 26 and December 16, 2021,

when 1) Deputies J. Hill ("Hill") and M. Thompson ("Thompson") "maliciously assaulted" him

with punches and knees to his face and head in front of Hill's patrol car, 2) at the New Hanover

County Detention Center ("Detention Center"), John Doe deputies "maliciously assaulted" him,

slamming his face and head into concrete, dragging him to the holding cell, and stripping off his

clothes, and 3) a John Doe slammed his face while in full restraints and locked him in a cell for

several days without exercise, showers, or cleaning supplies.    Compl. [D.E. 1] at 3–6.    As to his

injury, plaintiff suffered "severe trauma, loosened teeth, ruptured eardrum," and he is in constant fear of law enforcement. Id. at 7. Plaintiff seeks declaratory relief and damages. Id. at 8.

On February 3, 2025, the court, *inter alia*: dismissed the Sheriff's Department as a defendant; noted plaintiff's claims sound either under the Fourteenth Amendment to the extent he was a detainee, or under the Fourth Amendment to the extent he was an arrestee; and allowed claims to proceed against Hill, Thompson, and John Doe deputies. See Order [D.E. 14].

On February 28, 2025, Hill and Thompson filed a joint motion to dismiss the complaint premised upon plaintiff's failure to exhaust administrative remedies. Mot. [D.E. 22].

On March 3, 2025, the court dismissed without prejudice the John Doe deputy defendants, converted the joint motion to dismiss of Hill and Thompson ("defendants") on failure-to-exhaust grounds to a motion for summary judgment, and allowed plaintiff twenty-one days to file any response to the motion. Order [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the converted motion for summary judgment, the response deadline, and the consequences of failing to respond. [D.E. 26].

On March 21, 2025, plaintiff moved to appoint counsel, Mot. [D.E. 28], and filed a response in opposition to the converted motion for summary judgment, Pl.'s Resp. [D.E. 29].

On July 24, 2025, the court, *inter alia*: denied the motion to appoint counsel; granted in part defendant's converted motion for summary judgment; dismissed without prejudice plaintiff's unexhausted Detention Center claims; directed the clerk to continue management of the action for the surviving Fourth Amendment claims as to the August 26, 2021, use-of-force incident in front of Hill's patrol car; and referred the action for entry of a scheduling order. Order [D.E. 33].

On July 28, 2025, the court entered a scheduling order. See Order [D.E. 34].

2

On August 11, 2025, defendants timely answered the complaint. Answer [D.E. 35].

On November 10, 2025, plaintiff filed a motion for an extension of time to complete discovery, Mot. [D.E. 36], and a set of requests for production of documents. [D.E. 37]. Also on that date, the court granted the motion to extend time to complete discovery. Order [D.E. 38].

On November 24, 2025, defendants moved for a protective order, Mot. [D.E. 40], filed a memorandum in support [D.E. 41], and moved for leave to manually file exhibits, Mot. [D.E. 42].

On December 10, 2025, plaintiff filed a motion to alter or amend the complaint, see Mot. [D.E. 43], responses in opposition to defendants' motions for a protective order and for leave to manually file exhibits [D.E. 44, 45], a motion to compel, Mot. [D.E. 46], a response to defendants' answer [D.E. 47], and proposed sealed exhibits [D.E. 48].

On December 12, 2025, defendants filed a notice as to their protective order [D.E. 49], and a response in opposition to the motion to compel [D.E. 50].

On December 15, 2025, plaintiff filed a motion for default judgment. Mot. [D.E. 51].

On December 19, 2025, defendants filed a response in opposition to plaintiff's motion to amend or correct [D.E. 52], and moved for an extension of time to file dispositive motions, Mot. [D.E. 53], which the court granted, Order [D.E. 54].

On December 23, 2025, defendants filed a response in opposition to plaintiff's motion for default judgment. [D.E. 55].

On January 26, 2026, defendants moved to seal documents filed in opposition to plaintiff's motion to compel, Mot. [D.E. 57], which the court granted on January 27, 2026, Order [D.E. 59].

On February 11, 2026, defendants moved for summary judgment, Mot. [D.E. 60], and filed a memorandum [D.E. 61], a statement of material facts [D.E. 62], and an appendix [D.E. 63].

3

Pursuant to Roseboro, 528 F.2d at 310, the court notified plaintiff about the motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 64].

On March 2 and 4, 2026, respectively, plaintiff filed an affidavit [D.E. 65], and a response in opposition to defendants' motion for summary judgment [D.E. 66].

On March 17, 2026, defendants filed a reply [D.E. 67].

On April 30, 2026, plaintiff filed a proposed order to show cause. See [D.E. 68].

Plaintiff's Motions:

The court first considers plaintiff's "motion for request to alter or amend complaint [sic]," Mot. [D.E. 43], which defendants oppose, see [D.E. 52].

Plaintiff requires leave to amend the complaint, see Fed. R. Civ. P. 15(a)(2), but the court should freely grant such leave unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted).

In evaluating futility, the court considers whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) (noting Fourth Circuit precedent provides that "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." (citation omitted)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" (citation and internal quotation marks omitted)).

4

Plaintiff's motion to amend generally alleges that, on August 26, 2021, defendants seized him without a warrant using excessive force. See [D.E. 43-1] at 1–2. These Fourth Amendment claims "relate back" as they arise from the same transaction or occurrence alleged in the complaint, see Fed. R. Civ. P. 15(c)(1)(B), and are not clearly frivolous, see Wallace v. Kato, 549 U.S. 384, 387–88 (2007); Graham v. Connor, 490 U.S. 386, 395 (1989); English v. Clarke, 90 F.4th 636, 646 (4th Cir. 2024). Thus, the court allows these claims to proceed against defendants.

Plaintiff's motion to amend alleges additional Detention Center claims, including: denial of access to his legal paperwork on September 27, 2021, denial of a special diet on October 16, 2021, denial of his request for community resources on October 27, 2021, denial of his request to be an inmate worker on November 30, 2021, denial of his request for access to legal materials on November 30, 2021, denial of his request for dental treatment on December 12 and 13, 2021, denial of return of property on December 12, 2021, an incorrect charge for medical treatment on December 12, 2021, and his inability to use the Kiosk system for assistance with legal and medical matters on December 12, 2021. See [D.E. 43-1] at 1–2. Because these additional claims are not the same transaction or occurrence as alleged in the complaint, they do not "relate back." See Fed. R. Civ. P. 15(c)(1)(B); cf. McGraw v. Gore, 31 F.4th 844, 849 (4th Cir. 2022).

The time for § 1983 claims generally accrues when plaintiff knows or has reason to know of the injury underlying the action. Wallace, 549 U.S. at 391. These additional Detention Center claims accrued the date they occurred and, absent tolling, the three-year statute of limitations ran before plaintiff filed the amended complaint. N.C. Gen. Stat.§ 1-52(5); see Wilkins v. Montgomery, 751 F.3d 214, 223–24 (4th Cir. 2014); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996); Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161–62 & n. 2 (4th Cir. 1991).

5

Plaintiff does not show that he diligently pursued his rights as to these additional Detention Center claims or that "extraordinary circumstances" for tolling the statute of limitations exist. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Hardin v. Straub, 490 U.S. 536, 538–39 (1985); Shook ex rel. Shook v. Gaston Cnty. Bd. of Educ., 882 F.2d 119, 121 (4th Cir. 1989). Plaintiff's unfamiliarity with the law and lack of legal representation are insufficient grounds for tolling. See United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004).

Accordingly, these additional Detention Center claims are time-barred, their dismissal is appropriate, see Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc), cert. denied, 516 U.S. 1177 (1996), and the court DENIES as futile this aspect of plaintiff's motion [D.E. 43], see In re Triangle, 988 F.3d at 750; Katyle, 637 F.3d at 471; Laber, 438 F.3d at 426.

Plaintiff's motion to amend, liberally construed, also seeks reconsideration of the prior order granting in part defendants' motion for summary judgment and dismissing without prejudice his Detention Center excessive force claims for failure to exhaust administrative remedies. See [D.E. 43-1] at 1–2. After review under the governing standard, see American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003), because plaintiff fails to show clear error causing manifest injustice in the prior order, cf. Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017), the court, in its discretion, DENIES this aspect of the motion [D.E. 43].

Next, in his motion to compel, plaintiff generally argues that defendants are withholding video evidence and have not produced evidence that plaintiff had any active warrants as of 2:02 p.m. on August 26, 2021. See Mot. [D.E. 46]. Defendants oppose this motion. See [D.E. 50].

Because plaintiff fails to certify attempts to meet and confer with defendant as to this discovery request, see Fed. R. Civ. P. 37(a)(1), or "that there has been a good faith effort to resolve

6

discovery disputes prior to the filing of any discovery motions," E.D.N.C. Local Civil Rule 7.1(c)(2), see Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011), the court DENIES plaintiff's motion to compel [D.E. 46].

Turning to the motion default judgment, plaintiff asserts that defendants fabricated unspecified evidence in the discovery process. Mot. [D.E. 51]. Defendants oppose the motion, arguing they did not fabricate evidence but instead applied "Bates stamps" and produced reports in response to plaintiff's discovery requests, and that no sanction is warranted. See [D.E. 55].

After review under the governing standard, Fed. R. Civ. P. 37(b); Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503–06 (4th Cir. 1977), the court finds that defendants have not engaged in discovery misconduct and DENIES plaintiff's motion for default judgment [D.E. 51].

### Defendants' Motions:

In support of their motion for a protective order, defendants argue they attempted good faith discussions as to production of the confidential materials sought in plaintiff's requests for production of documents, but plaintiff failed to respond. See Defs.' Mem. [D.E. 41] at 2–3.

Plaintiff objects to the protective order "as it states that all information is to be filed 'under seal' and requires the return of or destruction of all electronically stored information and tangible things that are in direct connection to the facts of this case [sic]," acknowledges the information received "shall be kept confidential," but asks the court to "require the Defendants to produce all original, unaltered, raw information" that he previously requested. Pl.'s Resp. [D.E. 44].

After review, the court GRANTS defendants' motion for a protective order. [D.E. 40].

Next, defendants move for leave to manually file digital audio/video exhibits. See Mot. [D.E. 42]. Defendant opposes the motion, arguing exhibits may be sent via e-mail. [D.E. 45].

7

For good cause shown, the court GRANTS defendants' motion [D.E. 42] and DIRECTS defendants to file audio/video exhibits with the clerk's office in Raleigh via a thumb drive. The parties may meet and confer if plaintiff seeks to obtain exhibits via another medium, such as DVD.

Finally, because the court will enter a new scheduling order, the court DENIES AS MOOT defendants' motion for summary judgment [D.E. 60].

Conclusion:

In sum, the court: GRANTS defendants' motion for a protective order [D.E. 40]; GRANTS defendants' motion for leave to manually file exhibits [D.E. 42]; GRANTS IN PART plaintiff's motion to alter or amend the complaint [D.E. 43], allowing his Fourth Amendment claims to proceed against defendants, but DENIES this motion in other respects, as discussed above; DENIES plaintiff's motion to compel [D.E. 46]; DENIES plaintiff's motion for default judgment, Mot. [D.E. 51]; DENIES AS MOOT defendants' motion for summary judgment [D.E. 60]; and REFERS the action to Magistrate Judge Robert B. Jones, Jr., for entry of a new scheduling order to include time for defendants to answer the surviving aspects of the amended complaint and a brief period for any additional discovery.

SO ORDERED this 7th day of July, 2026.

RICHARD E. MYERS II
Chief United States District Judge

8